UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **OMNITEK PARTNERS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BIONIC POWER INC.,**<br><br>Defendant. | **CASE NO. 2:24-cv-00041**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Omnitek Partners, LLC ("Plaintiff" and/or "Omnitek") files this complaint against Bionic Power Inc. ("Defendant" and/or "Bionic Power") for infringement of U.S. Patent No. 7,645,246 ("the '246 Patent") and U.S. Patent No. 8,062,237 ("the '237 Patent"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a New Jersey company having its principal place at 85 Air Park Drive, Unit 3, Ronkonkoma, New York, 11779.

2. Upon information and belief, Defendant is a company organized and existing under the laws of Canada and has a principal place of business at 2661 Lillooet Street, Vancouver, BC V5M 4P7, Canada.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. More specifically, Defendant, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and services in the United States, the State of Texas, and the Eastern District of Texas including but not limited to the Products as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Eastern District of Texas. Defendant has paying customers, who are residents of the State of Texas and the Eastern District of Texas, who each use and have used the Defendant's products and services in the State of Texas and in the Eastern District of Texas.

7. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) because Shot Scope is not a resident of the United States and therefore may be sued in any judicial district.

**PATENTS-IN-SUIT**

9. Plaintiff is the sole and exclusive owner, by assignment, of the '246 Patent and the '237 Patent (hereinafter referred to as "the Omnitek Patents").

10. On January 12, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '246 Patent, entitled "Method for Generating Power Across a Joint of the Body During a Locomotion." The '246 Patent is attached as Exhibit A.

11. On November 22, 2011, the USPTO duly and legally issued the '237 Patent, entitled "Device for Generating Power Across a Joint." The '237 Patent is attached as Exhibit B.

12. Plaintiff possesses all rights of recovery under the Omnitek Patents, including the exclusive right to recover for past, present and future infringement.

13. The '246 Patent contains seven claims including one independent claim (claim 1) and six dependent claims.

14. The '237 Patent contains one independent claim (claim 1).

15. The priority date of the Omnitek Patents is at least as early as August 11, 2004. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

16. Plaintiff alleges infringement on the part of Defendant of the Omnitek Patents.

17. The Omnitek Patents teach systems and methods for generating power from an exerted energy associated with muscles acting across a joint, by absorbing energy during one or more periods of a periodic motion of the joint in which energy is absorbed by the muscles, and at least partially returning the absorbed energy to an energy storage device or power consuming device. *See* '246 Patent, Abstract.

18. The '246 Patent was examined by Primary United States Patent Examiner Loan H. Thanh. During the examination of the '246 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 601/5; 482/2; 482/51; 601/23; and 601/33.

19. After conducting a search for prior art during the examination of the '246 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 4,872,665; US 4,941,273; US 4,967,734; US 5,011,136; US 5,090,138; US 5,701,685; US 6,024,713; US 6,397,496; US 6,666,796; US 6,966,882; US 7,219,449; US 7,537,573; US 2002/0094919; US 2003/0056396; US 2004/0040180; US 2005/0262725; US 2008/0277943; and US 2009/0036804.

20. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '246 Patent to issue. In so doing, it is presumed that Examiner Thanh used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Thanh had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '246 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '246 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Thanh.

21. The '237 Patent was also examined by Primary United States Patent Examiner Loan H. Thanh. During the examination of the '237 Patent, the United States Patent Examiner

searched for prior art in the following US Classifications: 601/5; 601/23; 601/33; and 482/51.

22. After conducting a search for prior art during the examination of the '237 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 6,768,246; US 7,056,297; US 7,390,309; US 7,445,606; US 7,645,246; US 7,652,386; US 7,659,636; US 7,731,670; US 2006/0046909; US 2006/0260620; US 2007/0016329; US 2007/0050044; US 2007/0056592; US 2007/0233279; and US 2010/0076346.

23. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed the claim of the '237 Patent to issue. In so doing, it is presumed that Examiner Thanh used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Thanh had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '237 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '237 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Thanh.

24. The claims of the Omnitek Patents were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

25. The nominal expiration date for the claims of the '6246 Patent is no earlier than August 11, 2025.

## COUNT I
### (Infringement of United States Patent No. 7,645,246)

26. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 25, the same as if set forth herein.

27. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

28. Defendant has knowledge of its infringement of the '246 Patent, at least as of the service of the present complaint.

29. The '246 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

30. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '246 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit C) products including, but not limited to, the Amplify augmented

exoskeleton ("Products"), which infringe at least Claim 1 of the '246 Patent. Defendant has infringed and continues to infringe the '246 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

31. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '246 Patent, by having its employees internally test and use these exemplary Products.

32. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

33. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claim 1, of the '246 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claim 1, of the '246 Patent. *See* Exhibit C (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

34. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '246 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claim 1, of the '246 Patent.

35. Exhibit C includes at least one chart comparing the exemplary claim 1 of the '246 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary

        Products practice the technology claimed by the '246 Patent. Accordingly, the Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary claim 1 of the '246 Patent.

36. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit C.

37. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

38. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

39. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

40. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
### (Infringement of United States Patent No. 8,062,237)

41. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 40, the same as if set forth herein.

42. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

43. Defendant has knowledge of its infringement of the '237 Patent, at least as of the service of the present complaint.

44. The '237 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

45. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '246 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit D) products including, but not limited to, the Amplify augmented exoskeleton ("Products"), which infringe at least Claim 1 of the '237 Patent. Defendant has infringed and continues to infringe the '237 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

46. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claim 1, of the '237 Patent, by having its employees internally test and use these exemplary Products.

47. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

48. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claim 1, of the '237 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claim 1, of the '237 Patent. *See* Exhibit D (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

49. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '237 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their

customers for use in end-user products in a manner that infringes one or more claims, including at least Claim 1, of the '237 Patent.

50. Exhibit D includes at least one chart comparing the exemplary claim 1 of the '237 Patent to Defendant's exemplary Products. As set forth in this chart, the Defendant's exemplary Products practice the technology claimed by the '237 Patent. Accordingly, the Defendant's exemplary Products incorporated in this chart satisfy all elements of the exemplary claim 1 of the '237 Patent.

51. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit D.

52. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

53. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

54. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent Nos.

       7,645,246 and 8,062,237 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3. Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4. Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 24, 2024

Respectfully Submitted,

*/s/ Randall Garteiser*
Christopher A. Honea
  Texas Bar No. 24059967
  chonea@ghiplaw.com
Randall Garteiser
  Texas Bar No. 24038912
  rgarteiser@ghiplaw.com
M. Scott Fuller
  Texas Bar No. 24036607
  rgarteiser@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**